**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIM. NO. 4:16-CR-157-ALM-KPJ-1** |
| | § | |
| **BRANDON DANIEL** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant Brandon Daniel's ("Defendant") supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 5, 2023, to determine whether Defendant violated the conditions of his supervised release. *See* Dkt. 106. Defendant was represented by Assistant Federal Public Defender Michelle Allen-McCoy, and the Government was represented by Assistant U.S. Attorney Lesley Brooks. *See id.*

On April 3, 2018, Judge Amos L. Mazzant, III, sentenced Defendant to a term of imprisonment of seventy-eight (78) months, followed by a term of supervised release of five (5) years, for violating 21 U.S.C. §§ 846, 841(b)(1)(B) (Conspiracy to Distribute and Possess with Intent To Distribute 50 Grams or More of Methamphetamine or 5 Grams or More of Methamphetamine Actual).[1] *See* Dkt. 75. On June 3, 2022, Defendant completed his term of imprisonment and began service of the supervision term. *See* Dkt. 100.

On January 30, 2023, the U.S. Probation Office filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 100). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal,

---

[1] On July 5, 2016, Judge Mazzant sentenced Defendant to a term of imprisonment of twelve (12) months, followed by a term of supervised release of three (3) years, for violating 18 U.S.C. § 371 (Conspiracy to Pass Fictitious Obligations). *See* 4:15-cr-161, Dkt. 354.

state, or local crime; and (2) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program.

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On January 11, 2023, a Colbert, Oklahoma police officer was dispatched to a domestic in process call, involving Defendant, who had gotten into an argument with his niece, the alleged victim. The niece reportedly became upset after she was asked to leave her residence for pest control services. After the victim closed the door, locking Defendant out, Defendant reportedly kicked the door open, began yelling at her, placed both of his hands around her neck, and began choking her. The assault occurred while the victim was sitting on a bed with her baby. While the officer was talking to the victim, Defendant managed to climb out of a window in the house and leave the scene. Defendant was later arrested, while on his way to his mother's house. Defendant was charged with Domestic Assault and Battery with Intent to Cause Great Bodily Harm by Strangulation, Domestic Abuse in Presence of a Child, Domestic Abuse, and Domestic Abuse with Prior Pattern of Physical Abuse, filed in Case Number 23-1671 in Bryan County, Oklahoma.

(2) On October 5, 2022, Defendant failed to show for drug testing as instructed.

*See id.*

At the hearing held on September 5, 2023, the Government moved to dismissed Allegation One, which the Court granted, and Defendant entered a plea of true to Allegation Two, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the U.S. Magistrate Judge. *See* Dkts. 106, 111. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the September 5, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, followed by forty-six (46) months of supervised release. The Court further recommends that the term of

imprisonment run consecutively to the term of imprisonment imposed in 4:15-cr-161, and that the term of supervised release run concurrently with the term of supervised release imposed in 4:15-cr-161. The Court further recommends that Defendant be placed under the same conditions as those under which he was placed when originally released. The Court further recommends Defendant be placed at the Federal Correctional Institute, Texarkana, if appropriate.

**So ORDERED and SIGNED this 8th day of September, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE