**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-cr- |
| | § | 00157-ALM-BD-1 |
| BRANDON DANIEL | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Brandon Daniel's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 10, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto. The Government was represented by Matthew Johnson.

In 4:15-cr-00161-ALM-BD-6, Defendant was sentenced on July 5, 2016, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Pass Fictitious Obligations, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of IV, was 6 to 12 months. Defendant was subsequently sentenced to 12 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment for substance abuse, mental health treatment, acquire his GED certificate, pay $1,306.72 restitution, and a $100 special assessment. Defendant completed this sentence while still in custody serving a sentence under 4:16CR157. In 4:16-cr-00157-ALM-KPJ-1, Defendant was sentenced on April 3, 2018, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to

Distribute 50 Grams or More of Methamphetamine or 5 Grams or More of Methamphetamine (actual), a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of VI, was 63 to 78 months. Defendant was subsequently sentenced to 78 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment for substance abuse, acquiring his high school equivalency certificate, and a $100 special assessment. On June 3, 2022, Defendant completed his period of imprisonment and began service of the supervision term, for both Docket Nos. 4:15-cr-00161-ALM-BD-6 and 4:16-cr-00157-ALM-KPJ-1, in the Eastern District of Oklahoma.

On September 11, 2023, both terms of supervised release were revoked after Defendant violated his conditions of supervision by failing to show for drug testing. He was sentenced to 12 months imprisonment followed by 24 months supervised release in 4:15-cr-00161-ALM-BD-6 and 12 months imprisonment followed by 46 months supervised released in Docket No. 4:16-cr-00157-ALM-KPJ-1. The terms of imprisonment were ordered to run concurrently, and the terms of supervised release were ordered to run consecutively. On June 2, 2025, Defendant completed his period of imprisonment and began service of his supervision term in the Eastern District of Texas.

On November 13, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #679, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (special) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any

mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (3) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (4) (standard) Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangement (such as the people he lives with), he must notify the probation officer within 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of the change or unexpected changed (Dkt. #679 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On September 3, 2025, Defendant appeared at the U.S. Probation Office in Sherman, Texas, as part of his participation in the random drug testing program. He submitted a urine sample that tested positive for methamphetamine. A laboratory report from Alere Toxicology verified the result; (2) On October 21, 2025, Defendant was unsuccessfully discharged from Healing Grace Therapy & Sound Spa, LLC in Sherman, Texas, after he failed to attend and/or make himself available for mental health counseling on September 17, 2025; (3) On October 21, 2025, Defendant was unsuccessfully discharged from Healing Grace Therapy & Sound Spa, LLC in Sherman, Texas, after he failed to attend and/or make himself available for substance abuse counseling on September 17, 2025. Additionally, Defendant failed to appear at the U.S. Probation Office in Sherman, Texas, for random drug testing on September 25 and October 7, 2025; (4) Defendant

was approved to reside at the Salvation Army of Grayson County shelter in Sherman, Texas, after a home visit was conducted on July 9, 2025. Subsequent attempts to visit him at his residence on October 15 and November 7, 2025, were unsuccessful. Specifically, on November 7, 2025, Defendant's supervision officer made contact with residents at the Salvation Army, who were unaware of Defendant and did not recognize his photograph as a person who lived at the shelter (Dkt. #679 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to all allegations in the Petition. Having considered the Petition and the plea of true to all allegations, the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-one (21) months in Docket No. 4:15-cr-161 and twenty-one (21) months in Docket No. 4:16-cr-157 to run concurrently, with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**IT IS SO ORDERED.**
**SIGNED this 10th day of April, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

4